**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4508**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NEAL SUTHAR,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00204-ALL)

―――――――――

Submitted:  January 26, 2007          Decided:  March 9, 2007

―――――――――

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neal Suthar appeals his jury conviction of one count of distribution of chemicals used to manufacture methamphetamine in violation of 18 U.S.C. § 843(a)(7) (2000), and his resulting sentence of twelve months and one day in prison. Suthar claims the district court: (I) erred in denying his Fed. R. Civ. P. 29 motion based on insufficient evidence; (ii) erred in admitting the testimony of the Government's expert witness; (iii) incorrectly calculated his guidelines range pursuant to U. S. Sentencing Guidelines Manual ("USSG") § 2D1.12 (2005); and (iv) violated the Sixth Amendment in sentencing him. Finding no error, we affirm.

Suthar first claims the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support his conviction. This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal citation omitted).

This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court "may not weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). If evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

We conclude the evidence was sufficient to establish Suthar distributed chemicals used to manufacture methamphetamine. To convict Suthar under § 843(a)(7), the Government was required to prove Suthar: (1) knowingly or intentionally distributed a chemical, product, or material which may be used to manufacture a controlled substance or listed chemical and (2) acted knowing, intending, or having reasonable cause to believe that the chemical would be used to manufacture a controlled substance or listed chemical. See 21 U.S.C. § 843(a)(7).

DEA agents testified Suthar was informed that matches, hydrogen peroxide, and Sudafed could be used in the methamphetamine manufacturing process and to be on the lookout for suspicious activity of individuals seeking to purchase those items. The Government's witnesses also testified Suthar admitted he was aware

- 3 -

of the methamphetamine problem and agreed to report any suspicious behavior. Nevertheless, Suthar sold hydrogen peroxide and large quantities of matches to Waters, and agreed to try to secure Sudafed for him, as well. Most compelling, the Government produced audio and visual recordings of Suthar during his interactions with Waters in which Waters informed Suthar that he needed the product to make "batches" and needed the product "bad."

Although Suthar testified he had no knowledge the matches or peroxide could be used to manufacture methamphetamine or that Waters intended to use the products to manufacture methamphetamine, the jury's disregard of this testimony was a credibility determination that should not be disturbed on appeal. See Wilson, 118 F.3d at 234. Accordingly, we conclude the district court did not err in denying Suthar's Rule 29 motion.

Suthar next claims the district court erred by overruling his objection to the Government expert witness's testimony regarding the amount of red phosphorus contained in a matchbook striker plate because the testimony contained inadmissible hearsay. Suthar also claims the district court erred in refusing to strike the expert's testimony from the record because he was not placed on notice of the witness's testimony pursuant to Fed. R. Crim. P. 16. Suthar's arguments are meritless.

We review the district court's admission or exclusion of evidence for abuse of discretion. See United States v. Young, 248

F.3d 260, 266 (4th Cir. 2001). We also review decisions regarding compliance with Rule 16 for abuse of discretion. Id. at 269. This court will find abuse of discretion only if the district court's evidentiary ruling was arbitrary or irrational. See United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir. 1997).

Suthar claims the district court should have sustained his general objection to a question by the Government regarding the expert contacting the match manufacturer because the expert's answer contained inadmissible hearsay. The question to which Suthar's counsel objected, however, was not a question seeking to elicit inadmissible hearsay. Although the witness continued to testify regarding the information provided him by the match manufacturer, Suthar's counsel did not timely object to his response containing the inadmissible hearsay or timely move to have the testimony stricken from the record. Accordingly, we conclude Suthar has not preserved this issue for appeal. See United States v. Perkins, 470 F.3d 150, 157 n.10 (4th Cir. 2006) ("[T]he objecting party [must] object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.") (citing to United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983)).

We also conclude the district court did not err in refusing to strike the Government's expert witness testimony because the Government failed to disclose his testimony pursuant to

Fed. R. Crim. P. 16. Rule 16(a)(1)(G) requires the government furnish, upon the defendant's request, a written summary of any expert testimony that the government intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief at trial. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The decision whether to impose a sanction for a violation of Rule 16(a)(1)(G) rests within the district court's discretion. See Fed. R. Crim. P. 16(d)(2) ("If . . . a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed . . . ."); United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997) ("In determining a suitable and effective sanction, a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government.").

The sanction of exclusion of testimony, however, "is almost never imposed" absent a constitutional violation or statutory authority for the exclusion. United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999). Even when there has been an abuse of discretion under Rule 16, reversal is inappropriate unless the defendant establishes prejudice by demonstrating that it is

likely that had the government complied with the discovery rule (not had the evidence been suppressed), the verdict would have been different.  See United States v. Chastain, 198 F.3d 1338, 1348 (11th Cir. 1999).

Assuming without deciding the Government's failure to disclose a summary of its expert testimony violated the requirements of Rule 16, we conclude Suthar was not prejudiced by this failure.  Suthar had an opportunity to cross-examine the Government's expert witness.  During this cross-examination, defense counsel elicited that the expert witness did not conduct a test on the matchbooks to determine if they actually contained red phosphorus.  In any event, the amount of red phosphorus contained in the striker plates of the matchbooks sold by Suthar was not an issue at trial.  The Government only had to prove Suthar knowingly or intentionally distributed the matches, which could be used to manufacture methamphetamine, and that he acted knowing, intending, or having reasonable cause to believe the matches would be used to manufacture methamphetamine.  See 21 U.S.C. § 843(a)(7).

The Government produced ample evidence Suthar had reason to believe the matches he sold could and would be used to manufacture methamphetamine, especially given the quantity of matches purchased, the other items inquired about by Waters and Waters' comments regarding making a "batch."  Most important, Suthar not only sold an unusually large quantity of matches to

Waters, but he also sold him hydrogen peroxide, another ingredient used to manufacture methamphetamine. Because there was substantial evidence Suthar sold product that could be used in the manufacture of methamphetamine, and since the Government's expert witness's testimony was limited and somewhat irrelevant, we conclude that, even had the Government provided a summary of the expert witness's testimony prior to trial, the verdict would not have been different.

Suthar also raises several challenges to his sentence. Suthar first claims his sentence was unreasonable because in calculating his guidelines range, the district court followed the recommendation of the presentence investigation report ("PSR") and applied the greater offense level under USSG § 2D1.12. Suthar contends that because the jury never indicated it found him guilty of knowing or believing the matches he sold to Waters would be used to manufacture a controlled substance, the lesser base offense level of nine provided in § 2D1.12 should have been applied. See USSG § 2D1.12(a)(2) (providing for a base offense level of nine if defendant only had "reasonable cause to believe" the product he sold would be used to manufacture a controlled substance). Accordingly, Suthar claims the district court's decision to follow the PSR violates United States v. Booker, 543 U.S. 220 (2005).

Because Suthar objected to the PSR and objected at sentencing to the district court's application of the greater base

offense level, our review is de novo.  See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).  We conclude the district court did not err in sentencing Suthar under the greater offense level provided by § 2D1.12.

After Booker, this court will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  A sentence may be unreasonable for both substantive and procedural reasons.  See United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  If a "sentence is based on an error in construing or applying the Guidelines, it will be found unreasonable and vacated."  United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  If a sentence is the product of a proper guidelines application and consideration of the factors set forth in 18 U.S.C. § 3553(a), the sentence is entitled to a presumption of reasonableness.  See Moreland, 437 F.3d at 432.

In considering whether a sentence is unreasonable, this court reviews the district court's factual findings for clear error and its legal conclusions de novo.  See United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).  A sentencing court treating the guidelines as advisory continues to make factual findings concerning sentencing factors by a preponderance of the evidence.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert.

- 9 -

denied, 127 S. Ct. 121 (2006). We conclude Suthar's sentence is reasonable.

Although the district court did not explicitly state that it found Suthar actually knew the matches he sold would be used to manufacture a controlled substance, because the district court adopted the PSR calculations as correct, the district court inherently adopted the findings in the PSR that applied the greater base offense level under § 2D1.12. We conclude there was sufficient evidence from which the district court could infer the Government established Suthar possessed actual knowledge that the matches he sold would be used to manufacture a controlled substance. Finally, we note the district court, after considering the § 3553(a) factors, deviated below the guidelines range provided in the PSR and sentenced Suthar to twelve months and one day, even though the PSR's guidelines range was fifteen to twenty-one months. Based on the foregoing, we conclude the district court did not err in applying the greater base offense level provided for in the PSR and that Suthar's sentence is reasonable.

Suthar next argues this court, by virtue of its decision in Green, 436 F.3d at 457, has adopted a "presumptive guidelines system" of sentencing that operates as a de facto mandatory system in violation of Booker and the Sixth Amendment since the court has "continually" overruled sentences outside the guidelines range. Suthar also argues this de facto mandatory sentencing system

violated his Sixth Amendment right to a trial by jury because he was sentenced based upon facts contained in the PSR and found by the district court by a preponderance of the evidence, rather than facts found by a jury beyond a reasonable doubt. Suthar's arguments are meritless.

First, we decline Suthar's invitation to revisit this court's holding in Green on the grounds it has created a de facto mandatory sentencing scheme. See United States v. Guglielmi, 819 F.2d 451, 457 (4th Cir. 1987) (holding that only an en banc court, not a subsequent panel, has authority to overturn a previous panel's published decision).

We also conclude Suthar's right to a jury trial was not violated because the district court made factual findings at sentencing. A district court has authority "to exercise broad discretion in imposing a sentence within a statutory range. . . . [f]or when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Booker, 543 U.S. at 233; see also Green, 436 F.3d at 455 (holding that a district court "must make factual findings as appropriate or necessary to carry out its sentencing function"). Because we find the district court did not err in adopting the PSR's application of a greater base offense level for the purpose of calculating Suthar's guidelines range, and especially since,

- 11 -

after considering the § 3553(a) factors, sentenced Suthar below the guidelines range, we conclude Suthar was not sentenced in violation of <u>Booker</u> or the Sixth Amendment.

Accordingly, we affirm Suthar's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>